1   MATTHEW M. OLIVERI, ESQ. (SBN 230486)
    MADSEN & WOLCH, LLP
2   2055 N. Broadway, Suite 100
3   Walnut Creek, CA 94596
    Telephone:  (925) 974-0800
4   Facsimile:  (925) 974-0808
    mmo@madsenwolch.com; mwllp@aol.com
5

6   Attorneys for DEFENDANTS,
    RUIZ BROTHERS PREFERRED PLUMBING, INC.
7   JAMES LUIS RUIZ; EMILIO RUIZ; FEDERICO RUIZ;
    AND DOES 1 THROUGH 10, inclusive.
8

9                 IN THE UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11  TRUSTEES OF U.A. LOCAL 159 Health &       ) Case No.  CV 09 2397 PJH
    Welfare Trust Fund, Apprentice Training Fund: )
12  TRUSTEES OF THE PIPE TRADES DISTRICT      ) STIPULATION AND PROTECTIVE
    COUNCIL NO. 36 Health & Welfare Trust Fund, ) ORDER PERTAINING TO AUDIT OF
13  Pension Trust Fund, Apprentice Training Fund; ) DEFENDANTS'/CROSS-
    TRUSTEES OF THE NORTHERN                  ) COMPLAINANTS' BUSINESS
14  CALIFORNIA PIPE TRADES Health & Welfare   ) RECORDS
    Trust Fund, Pension Trust Fund, Apprentice )
15  Training Fund,                            )
                                              )
16           Plaintiffs,                      )
                                              )
17       v.                                   )
                                              )
18  RUIZ BROTHERS PREFERRED PLUMBING,         )
    INC; JAMES LUIS RUIZ; EMILIO RUIZ;        )
19  FEDERICO RUIZ; AND DOES 1- 10, inclusive, )
                                              )
20           Defendants.                      )
                                              )
21                                            )
                                              )
22                                            )
                                              )
23  RUIZ BROTHERS PREFERRED PLUMBING,         )
    INC; JAMES LUIS RUIZ; EMILIO RUIZ;        )
24  FEDERICO RUIZ,                            )
                                              )
25           Cross-Complainants,              )
                                              )
26       v.                                   )
                                              )
27  Local Union No. 159 of the United Association of )
    Journeyman and Apprentices of the Plumbing and )
28  Pipe Fitting Industry of the United States and )
    Canada, AFL-CIO, an entity of unknown     )

1 formation; Northern California Mechanical )
Contractors Association, an entity of unknown )
2 formation; Pipe Trades District Council No. 36, an )
entity of unknown formation; Mechanical )
3 Contractors Council, an entity of unknown )
formation; PLUMBERS & STEAMFITTERS )
4 LOCAL UNION 342 OF THE UNITED )
ASSOCIATION OF JOURNEYMAN AND )
5 APPRENTICES OF THE PLUMBING AND )
PIPEFITTING INDUSTRY OF THE UNITED )
6 STATES AND CANADA, AFL-CIO, an entity of )
unknown formation; AIR CONDITIONING & )
7 REFRIGERATION CONTRACTORS )
ASSOCIATION OF NORTHERN CALIFORNIA, )
8 an entity of unknown formation; NORTHERN )
CALIFORNIA PIPING CONTRACTORS )
9 ASSOCIATION AND INDUSTRIAL )
CONTRACTORS, UMIC, an entity of unknown )
10 formation; ADAM HODESS, an individual; JOE )
GARZA, an individual; and ROES 1-50, inclusive, )
11 )
Cross-Defendants. )
12 _____

13 PLAINTIFFS TRUSTEES OF U.A. LOCAL 159 Health & Welfare Trust Fund,

14 Apprentice Training Fund, TRUSTEES OF THE PIPE TRADES DISTRICT COUNCIL NO. 36

15 Health & Welfare Trust Fund, Pension Trust Fund, Apprentice Training Fund, and TRUSTEES

16 OF THE NORTHERN CALIFORNIA PIPE TRADES Health & Welfare Trust Fund, Pension

17 Trust Fund, Apprentice Training Fund (collectively, "TRUSTEES"), and DEFENDANTS /

18 CROSS-PLAINTIFFS RUIZ BROTHERS PREFERRED PLUMBING, INC, JAMES LUIS

19 RUIZ, EMILIO RUIZ, and FEDERICO RUIZ (collectively, "PREFERRED PLUMBING"), by

20 and through their respective Attorneys of Record, hereby stipulate to the following items, and

21 request that the Court issue the following Orders:

22 1.    The TRUSTEES and PREFERRED PLUMBING acknowledge and agree that

23          PREFERRED PLUMBING has certain information, documentation, practices, manuals,

24          methods, records and the like, relating to its business, operations and finances that are

25          confidential, private, proprietary, and that PREFERRED PLUMBING does not want that

26          information falling into the hands of parties not involved in the above-entitled

27          litigation.(hereinafter collectively referred to as "Confidential Information").

28

TRUSTEES ET AL. V. PREFERRED PLUMBING, ET. AL., CV 09-2397 PJH
STIPULATION AND PROTECTIVE ORDER PERTAINING TO AUDIT OF BUSINESS RECORDS

2.   The TRUSTEES and PREFERRED PLUMBING acknowledge and agree that PREFERRED PLUMBING has the right and need for a Protective Order limiting the disclosure of such confidential information to third parties. "Third parties" does not include parties to this litigation, their agents or experts, parties to the cross-complaint, Lindquist auditors or their agents, the Court, witnesses, a jury or other persons working on the litigation.

3.   The TRUSTEES and PREFERRED PLUMBING acknowledge and agree to be bound by the provisions, restrictions, limitations, conditions, and stipulations contained in this Stipulation and Protective Order ("Protective Order").

4.   The purpose of this Protective Order is to prohibit dissemination of documents to parties that are not involved in this litigation. This Protective Order does not and shall not limit the rights of the parties and their agents, including Lindquist, from obtaining relevant information. The Protective Order simply prohibits transmission of such information to parties not involved in the litigation.

**IT IS HEREBY STIPULATED** by and between the Parties and their respective Attorneys, subject to the approval of the Court, that:

5.   Each Party to this Stipulation and Protective Order, and their respective Attorneys, and any agent of the Parties and their Attorneys (including the auditing firm selected by the TRUSTEES), and anyone else who may subsequently stipulate to be bound by the provisions of this Stipulation and Protective Order, hereby stipulate and are Ordered to be bound by the provisions contained herein.

6.   This Protective Order shall apply to any and all information and documents pertaining to PREFERRED PLUMBING'S business, operations and finances produced in connection with the Court-ordered audit.

7.   Any and all invoices, payroll records, contracts, proposals, documents, information and the like, which are made available to any Party, Attorney or their agent, shall remain confidential, and shall not be disseminated to any third party, without the express written consent of PREFERRED PLUMBING or by Court Order. As mentioned above, a "third party" does not include the parties or their consultants, experts, or agents, the Court,

1    Lindquist, witnesses, or any jury hearing this case or any case brought by Cross Plaintiffs

2    Ruiz Brothers against Cross-Defendants.

3    8.    Each person or entity that obtains or reviews any confidential information pertaining to

4          PREFERRED PLUMBINGS' business, operations and/or finances shall sign an

5          Acknowledgment Form indicating that that individual or company agrees to be bound by

6          this Protective Order.

7    9.    Any and all experts or consultants hired by a Party or Attorney who obtains or reviews

8          Confidential Information pertaining to PREFERRED PLUMBING shall sign an

9          Acknowledgment Form indicating that that individual or company agrees to be bound by

10         this Protective Order.

11   10.   Any and all written Confidential Information that may be offered as evidence at any court

12         proceeding shall be withdrawn at the conclusion of such proceedings if PREFERRED

13         PLUMBING so requests, or PREFERRED PLUMBING may ask, the Court to seal such

14         Confidential Information as the Court deems property, so that such Confidential

15         Information shall not be accessible by the public.

16   11.   This Protective Order may not be modified, amended, terminated or vacated without the

17         express written consent of the TRUSTEES and PREFERRED PLUMBING, or without

18         Court Order.

19   12.   Confidential Information shall not be disseminated to any person or entity that may later

20         be joined into this action, unless said party or entity signs a written acknowledgement

21         agreeing to be bound by this Protective Order.

22   13.   If the TRUSTEES wish to provide access to Confidential Information to any person or

23         entity who is not included herein, or who is not an employee or agent of the TRUSTEES

24         or their Attorneys, the TRUSTEES will give written notification to PREFERRED

25         PLUMBING, via its Attorneys, that the TRUSTEES wish to provide access to said

26         Confidential Information. The notification shall include (a) the identification of the

27         persons or entities that will receive the Confidential Information, including the name,

28         address, telephone number and email of said persons or entities; (b) the items to be

1    disseminated; and (c) the purpose and reasons for the dissemination of Confidential
2    Information.

3    14.    PREFERRED PLUMBING shall have ten (10) days to object to the dissemination of
4           Confidential Information via written objections to the TRUSTEES. If no written
5           objection is made by PREFERRED PLUMBING, the objection is deemed waived.

6    15.    If PREFERRED PLUMBING objects in writing to the dissemination of any Confidential
7           Information, no Confidential Information shall be disseminated without express written
8           consent of PREFERRED PLUMBING, or Court Order.

9    16.    If PREFERRED PLUMBING objects in writing to the dissemination of any Confidential
10          Information, the Parties agree to meet and confer within 5 days of the objection.

11   17.    If the Parties cannot resolve the dispute, either Party may file a motion to seek judicial
12          resolution of the dispute. No Confidential Information may be disseminated until the
13          Parties or the Court resolves the dispute.

14   18.    If the TRUSTEES or PREFERRED PLUMBING substitute new Attorneys into the case,
15          said Attorneys shall be not be provided any Confidential Information until they sign a
16          written acknowledgement agreeing to be bound by the terms of this Protective Order, and
17          any amendments thereto.

18   19.    Nothing contained herein shall be deemed an admission or waiver by any party, person or
19          entity, including a waiver of any provision of the Federal Rules of Evidence and Civil
20          Procedure.

21   20.    This Protective Order is executed solely for the purpose of facilitating the exchange of
22          documents and information between the Parties herein, without the need for involving the
23          Court in extensive Discovery motions.

24   21.    This Protective Order is executed without a waiver by or prejudice to any Party in this
25          case, to present motions to the Court for additional protective orders as the circumstances
26          arise.

27   22.    This Protective Order may be modified, amended, terminated or vacated without leave of
28          Court, per written agreement of the Parties.

Dated: 4-19-10

ADAM ZAPPALA, ESQ.
Attorneys for TRUSTEES

Dated: 4-19-10

MATTHEW M. OLIVERI, ESQ.
Attorneys for PREFERRED PLUMBING

4/21/10



UNITED STATES DISTRICT COURT

IT IS SO ORDERED

Judge Phyllis J. Hamilton

NORTHERN DISTRICT OF CALIFORNIA

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 20, 2010, the foregoing **STIPULATION AND PROTECTIVE ORDER PERTAINING TO AUDIT OF DEFENDANTS'/CROSS-COMPLAINANTS' BUSINESS RECORDS** has been filed through the Court's ECF filing system and I am informed that it will be sent electronically to the following registered participants as identified on the Court's Notice of Electronic Filing.  The foregoing will be sent via first class mail to the defendants and/or attorneys of record who are not indicated as participants.

**Via First Class Mail:**

Dated:  April 20, 2010                          */s/ Adam J. Zapala*
                                                ADAM J. ZAPALA