UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF U.A. LOCAL 159 HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RUIZ BROTHERS PREFERRED PLUMBING, INC., et al., <br><br> Defendants. / | No. C 09-2397 PJH <br><br> **ORDER GRANTING MOTION TO DISMISS DEFENDANTS' CROSS COMPLAINT** |

Plaintiffs' motion to dismiss defendants' "cross-complaint" came on for hearing before this court on July 14, 2010. Plaintiffs appeared by their counsel John Davis and Adam Zapala. Defendants appeared by their counsel Matt Oliveri. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

The motion to dismiss concerns a self-styled "cross-complaint" brought by the defendants in an Employee Retirement Income Security Act (ERISA) case originally initiated by the trustees of various Pipe Trades union trust funds ("the Trust Funds"), to recover unpaid contributions to union pension, welfare, and training funds.

The Trust Funds filed a complaint on May 29, 2009, against defendants Ruiz Brothers Preferred Plumbing, Inc. ("Preferred Plumbing"), James Luis Ruiz, Emilio Ruiz, and Federico Ruiz (collectively, "Ruiz Brothers"). The Trust Funds alleged that the Ruiz Brothers failed to pay trust fund contributions owed under several collective bargaining agreements (CBAs). The Ruiz Brothers, after filing an answer and stipulating to Early

Neutral Evaluation, filed a "cross-complaint" on March 10, 2010, against the "cross-defendants," which are various unions, trades councils and associations, along with two union representatives (collectively, "the Unions"). Of those, three unions and one individual filed the present motion to dismiss the "cross-complaint."

The "cross-complaint" is based on the following allegations. Starting in Spring 2008, Adam Hodess ("Hodess"), the business manager for Local Union 159 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("U.A. Local 159"), began contacting the Ruiz Brothers to solicit them to enter into the CBAs at issue.

Hodess allegedly met with the Ruiz brothers in June 2008. The Ruiz Brothers claim that Hodess made several representations when discussing the prospective CBAs: 1) If the Ruiz Brothers entered the CBAs, they would have to use union personnel for projects only if required by the owner or developer, 2) the CBAs would apply to future projects only, 3) no one from Preferred Plumbing would have to "join the union," 4) the union would use its "considerable clout" to help the Ruiz Brothers obtain new projects, and 5) the Ruiz Brothers could terminate the contract at any time. Hodess also allegedly failed to disclose that the agreements would require an accounting of all projects the Ruiz Brothers worked on, including those not covered by the CBAs.

On July 21, 2008, James Ruiz signed on behalf of Preferred Plumbing for the CBA with U.A. Local 159 and Plumbers and Steamfitters Local Union 342 ("U.A. Local 342"). On August 12, 2008, James Ruiz signed on behalf of Preferred Plumbing for the CBA with Pipe Trades District Council 36.

According to the Ruiz Brothers, shortly thereafter, Hodess began demanding "that Preferred Plumbing employees travel to union shops, register and join the union." Representatives of the Unions then allegedly started contacting the Ruiz Brothers, "demanding access to their books and files." The Ruiz Brothers claim to have notified Hodess that he improperly represented the agreements, and they requested release

2

from the CBAs.  The Ruiz Brothers then declined to make the trust fund contributions required under the CBAs, giving rise to the Trust Funds' action.

The Ruiz Brothers assert five causes of action in their "cross-complaint," including fraudulent inducement, fraud, intentional misrepresentation, negligent misrepresentation, and rescission.  They request relief in the form of rescission of the CBAs, punitive damages, "general" damages, prejudgment interest, and costs and fees.

## DISCUSSION

A.	Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the "contents of the complaint."  Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Specific facts are unnecessary – the statement need only give the defendant "fair notice" of the claim and the "ground upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  All allegations of material fact are taken as true.  Id. at 94.  However, a plaintiff's obligations to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  See id. at 558-59.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is

entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). There are several exceptions to this rule. The court may consider a matter that is properly the subject of judicial notice, such as matters of public record. Id. at 689; see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studies, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir. 1994).

B.    Defendants' Motion

The Unions seek an order dismissing the "cross-complaint" on numerous bases. The court finds that the motion to dismiss must be GRANTED.

1.    Failure to Exhaust Non-Judicial Remedies

The Unions argue that the "cross-complaint" should be dismissed because the Ruiz Brothers have failed to exhaust non-judicial remedies in accordance with the broad arbitration clauses in the CBAs. The Ruiz Brothers, however, contend that the CBAs do not include binding arbitration clauses, and accordingly, they argue that disputes concerning the formation of the CBAs – including the issues of fraud giving rise to the

4

"cross-complaint" – should not be subject to arbitration.

Federal Rule of Civil Procedure 12(b) allows for dismissal of claims because of a claimant's failure to exhaust non-judicial remedies. See Inlandboatmen's Union of the Pac. v. Dutra Grp., 279 F.3d 1075, 1078 (9th Cir. 2002). Dismissal is appropriate when a party first tries to litigate in federal court what should be addressed in arbitration. Id. at 1083-84. Dismissal on that basis is essentially a "non enumerated" Rule 12(b) motion to dismiss. Id. at 1078.

While claims of "fraud in the inducement of an arbitration clause itself" are not subject to arbitration, arbitration is required for claims of fraud in the inducement of a contract as a whole. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). Thus, even a claim that a contract as a whole is unenforceable is still subject to arbitration if the contract contains an arbitration clause. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 446 (2006); see also, Granite Rock Co. v. Int'l. Bhd. of Teamsters, 546 F.3d 1169, 1178 (9th Cir. 2008) (compelling arbitration for a dispute concerning whether a CBA had been formed). Moreover, "where the parties admit to signing a document that contains an arbitration provision" disputes should be submitted to the arbitrator. Rep. of Nicar. v. Standard Fruit Co., 937 F.2d 469, 476 (9th Cir. 1991).

Here, all three CBAs contain arbitration clauses, even though they do not explicitly use the term "binding arbitration," as the Ruiz Brothers suggest is necessary. Furthermore, all three CBAs at issue were indisputably signed. The CBA with U.A. Local 342 provides "all disputes regarding application of this agreement shall be submitted to arbitration." The CBA with Pipe Trades 36 stipulates that the arbitration board shall hear disputes surrounding the "interpretation or the enforcement" of the agreement. Similarly, the CBA with U.A. Local 159 provides that aside from several inapplicable types of disputes, "all other problems" are subject to arbitration.

The Ruiz Brothers, however, failed to file any grievances to initiate arbitration. Yet, their "cross-complaint" does not allege fraud or misrepresentation as to the

1  formation of the arbitration clauses specifically.  Rather, their claims concern the entire
2  agreements.  Accordingly, their claims are subject to arbitration as required by each
3  CBA that they signed.  See Buckeye, 546 U.S. at 445-46.  Furthermore, the court can
4  properly consider the contents of the CBAs on a motion to dismiss because the Ruiz
5  Brothers referred to them in the "cross-complaint" and provided partial copies.  See Van
6  Buskirk, 284 F.3d at 980.  Because the Ruiz Brothers have failed to exhaust this non-
7  judicial remedy, their claim must be dismissed.

       2.      Procedural Defects

9  The Unions argue that the "cross-complaint" should also be dismissed because it
10 is procedurally defective, as the purported "cross-complaint" is actually a third-party
11 complaint.

12 Federal Rule of Civil Procedure13(g) provides:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.  The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

17 The Ninth Circuit has not addressed the definition of "coparty" for the purposes of
18 Rule 13(g), and other courts have somewhat varying opinions on the issue.  Nye v. Hilo
19 Medical Center, 2010 WL 931926, *7 (D. HI. March 11, 2010).  However, the prevailing
20 interpretation is that courts should prohibit crossclaims by original defendants against
21 third parties because a broader application of Rule 13(g) would undermine the need for
22 Rule 14, which governs complaints against third parties.  Id. at *8.  The distinction
23 between a Rule 13(g) crossclaim and a Rule 14 third-party complaint is important
24 because filing a third-party complaint under Rule 14 requires leave of court and service
25 of summons and complaint when filed more than 14 days after the answer.  See Rule
26 14(a)(1).  Accordingly, crossclaims are properly asserted against only a "co-party with
27 like status," such as a co-defendant.  Nye, 2010 WL 931926, at *8.
28 Here, however, the "cross-defendants" – the Unions and Hodess – are not

6

1  coparties with the Ruiz Brothers in the initial claim.  Accordingly, the "cross-defendants"
2  are not the proper subjects for a crossclaim.  This claim would be properly raised as a
3  third-party complaint under Rule 14, which requires leave of court.
4        The court notes in addition that the Ruiz Brothers named numerous defendants
5  in their "cross-complaint" beyond the unions and the individual defendant that filed the
6  present motion.  However, the docket does not reflect that the Ruiz Brothers served the
7  additional defendants with notice of the "cross-complaint."  Accordingly, since more than
8  120 days have passed since the Ruiz Brothers filed their "cross-complaint," pursuant to
9  Federal Rule of Civil Procedure 4(m), the additional defendants are dismissed without
10 prejudice.
11       3.     Individual Liability
12       The Unions also contend that the "cross-complaint" should be dismissed as to
13 Hodess because union officers cannot be held personally liable for acts they engage in
14 as union representatives.  The Ruiz Brothers conceded this point at the hearing.
15       Union agents are not personally liable for their acts as agents of the union.  29
16 U.S.C. § 185(b); <u>Atkinson v. Sinclair Refining Co.</u>, 370 U.S. 238, 248 (1962).  Thus,
17 Hodess cannot be held personally liable for his alleged fraudulent conduct, and the
18 motion must be granted on this basis.

### CONCLUSION

20       In accordance with the foregoing, the motion to dismiss is GRANTED for failure
21 to exhaust non-judicial remedies.  Because the "cross-complaint" is procedurally
22 defective, the dismissal is with prejudice.  Additionally, agent Hodess is dismissed with
23 prejudice.

25 **IT IS SO ORDERED**
26 Dated: July 22, 2010

                            PHYLLIS J. HAMILTON
                            United States District Judge