1    **DAVIS, COWELL & BOWE, LLP**
     John J. Davis, Jr., SBN 065594
2    jjdavis@dcbsf.com
     Adam J. Zapala, SBN 245748
3    az@dcbsf.com
     595 Market Street, Suite 1400
4    San Francisco, CA 94105
     Tel:    (415) 597-7200
5    Fax:   (415) 597-7201

6    **NIXON PEABODY LLP**
     DANIEL J. MULLER, SBN 193396
7    djmuller@nixonpeabody.com
     2 Palo Alto Square
8    3000 El Camino Real, Ste. 500
     Palo Alto, CA 94306
9    Tel:    (650) 320-7700
     Fax:   (650) 320-7701
10

11                UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14    TRUSTEES OF U.A. LOCAL 159 Health &     )   Case No.  4:09 cv  2397 PJH
15    Welfare Trust Fund *et al.*,                 )
                                      )
16             Plaintiffs,            )   **STIPULATED JUDGMENT PURSUANT TO**
                                      )   **SETTLEMENT AGREEMENT**
17            v.                        )                     **AND**
                                      )   **ORDER OF DISMISSAL**
18    RUIZ BROTHERS PREFERRED        )
     PLUMBING, INC. *et al.*,              )
19                                       )                    **E-FILING**
           Defendants.            )
20    ————————————————— )   Filed:       May 29, 2009
                                      )
21                                       )   Judge:      Hon. Phyllis J. Hamilton
     RUIZ BROTHERS PREFERRED        )                         Courtroom No. 3
22    PLUMBING, INC.,                 )                         3rd Floor
                                      )                         1301 Clay Street
23            3d. Party Plaintiff,      )                         Oakland, CA 94612
                                      )
24            v.                        )
                                      )
25    LOCAL UNION NO. 159, *et al.*,     )
                                      )
26            3d. Party Defendants.    )
27                                       )
28    ————————————————— /

                                          1

1    **STIPULATED JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT**

2         The parties to this action have reached a settlement agreement that will dispose of all claims

3    herein.  Among other things, they have agreed that the settlement agreement's terms and obligations

4    will be incorporated into a stipulated judgment and that the Court will retain jurisdiction to enforce

5    the agreement.  Accordingly, it is hereby

6         STIPULATED by the parties, acting through their counsel of record herein, that:

7         1.    The provisions of the parties' Settlement Agreement, a true and correct copy of which is

8    attached hereto, be and are hereby incorporated into this stipulated judgment and will be incorporated in

9    the Court's order of dismissal..

10        2.    The Court will retain jurisdiction to ensure compliance with the Settlement Agreement.

11        3.    Except as is provided above, this action will be dismissed in its entirety, with prejudice.

12   Dated: October 10, 2011                    **DAVIS, COWELL & BOWE, LLP**

13

14                                        By _____

15                                             JOHN J. DAVIS, JR.
                                              ADAM J. ZAPALA
16                                        Attorneys for Plaintiffs and Third-Party Defendants

17   Dated: October 11, 2011                    **NIXON PEABODY LLP**

18

19                                        By _____

20                                             DANIEL MULLER
                                          Attorneys for Defendants and Third-Party Plaintiff
21

22                                        **ORDER**

23        The foregoing stipulation is approved.  The provisions of the parties' Settlement Agreement are

24   incorporated into this Order, and the Court retains jurisdiction to ensure compliance with them.

25   Otherwise this action is dismissed in its entirety, with prejudice.

26   Dated: October 13, 2011

27        PHYLLIS J. HAMILTON
          United States

28

                                         1

**Stipulated Judgment and Order of Dismissal**                    **Case No. 4:09-cv-2397 PJH**

# EXHIBIT A

## SETTLEMENT AGREEMENT

### I.  PURPOSE

This Settlement Agreement is entered into by and among the following parties: Plaintiffs: Trustees of U.A. Local 159's Health & Welfare, Pension and Apprentice Training Funds, Trustees of the Pipe Trades District Council No. 36's Health & Welfare, Pension, and Apprentice Training Funds, and Trustees of the Northern California Pipe Trades' Health & Welfare, Pension and Apprentice Training Funds; Defendants/3d Party Plaintiff: Ruiz Brothers Preferred Plumbing, Inc., James Ruiz, Emilio Ruiz and Federico Ruiz; and Third-Party Defendants: U.A. Local 159, U.A. Local 342, Pipe Trades District Council No. 36 and U.A. Local 442.

The parties have entered into this Settlement Agreement to compromise and settle all of their differences and claims as described herein.  This Settlement Agreement fully resolves and settles all claims raised in the action entitled, *Trustees of U.A. Local 159 Health & Welfare Trust Fund et al. v. Ruiz Brothers Preferred Plumbing, Inc. et al./Ruiz Brothers Preferred Plumbing, Inc., et al. v. Local Union No. 159, et al.*, Case No. 4:09-cv-2397 PJH, pending in the United States District Court for the Northern District of California, Judge Phyllis Hamilton presiding.

This Settlement Agreement reflects the written agreement and settlement terms reached and made by the parties at the June 29, 2011 mediation with Mediator Joseph R. Grodin.

### II.  DEFINITIONS

**A.  Agreement.**  The "Agreement" refers to this Settlement Agreement.

**B.  Plaintiffs.**  "Plaintiffs" refers to: Trustees of U.A. Local 159's Health & Welfare, Pension and Apprentice Training Funds; Trustees of the Pipe Trades District Council No. 36's Health & Welfare, Pension, and Apprentice Training Funds; and Trustees of the Northern California Pipe Trades' Health & Welfare, Pension and Apprentice Training Funds.

**C.  Defendants.**  "Defendants" refers to: Ruiz Brothers Preferred Plumbing, Inc., James Ruiz, Emilio Ruiz and Federico Ruiz.

**D.  Third-Party Plaintiff.**  "Third-Party Plaintiff" refers to: Ruiz Brothers Preferred Plumbing, Inc.

**E.  Third-Party Defendants.**  "Third-Party Defendants" refers to: U.A. Local 159, U.A. Local 342, Pipe Trades District Council No. 36 and U.A. Local 442.

**F.  The Parties.**  "The Parties" refers to Plaintiffs, Defendants, Third-Party

Plaintiffs and Third-Party Defendants.

G.   **U.A.**   "The U.A." refers to the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada.

H.   **Underlying Lawsuit.** The "underlying lawsuit" refers to the action entitled *Trustees of U.A. Local 159 Health & Welfare Trust Fund et al. v. Ruiz Brothers Preferred Plumbing, Inc. et al./Ruiz Brothers Preferred Plumbing, Inc., et al. v. Local Union No. 159, et al.*, Case No. 4:09-cv-2397 PJH, pending in the United States District Court for the Northern District of California, Judge Phyllis Hamilton presiding.

I.   **Settlement Payment.** As discussed in Section III, below, Defendants shall pay Plaintiffs a total of $175,000.00, plus interest if applicable. The schedule of payments is more fully discussed below.

## III.   SETTLEMENT CONSIDERATION

A.   **Monetary Consideration.**   In consideration for entering into this Agreement, Defendants agree to pay Plaintiffs a total of $175,000.00. Defendants shall pay this amount over time, making $25,000.00 annual payments. The annual payments are due no later than October 1st of each year, commencing on October 1, 2011. If this Agreement and the Stipulated Judgment have not been finalized by the parties before October 1, 2011, Defendants will pay the first $25,000 payment into their attorneys' trust account, and the attorneys will pay that sum to the "Davis, Cowell & Bowe, LLP Trust Account" within five days of the time this Agreement and the Stipulated Judgment have been finalized.

Defendants shall make their best efforts to pay the entire Settlement Payment by 10/1/2015. If Defendants are unable to do so, Defendants shall pay the final two-year installment payments with 10% interest running from October 1, 2015 until the entire payment is made. Defendants shall make the Settlement Payments by check made out to the "Davis, Cowell & Bowe, LLP Trust Account."

B.   **Payment Schedule.**   Defendants shall pay Plaintiffs the following amounts on or before the following dates:

(1) $25,000 on October 1, 2011
(2) $25,000 on October 1, 2012
(3) $25,000 on October 1, 2013
(4) $25,000 on October 1, 2014
(5) $25,000 on October 1, 2015
(6) $25,000 + 10% interest on October 1, 2016, with interest running from October 1, 2015.

(7) $25,000 + 10% interest on October 1, 2017, with interest running from October 1, 2015.

C.   **Security for Future Settlement Payments.** By <u>October 5</u>, 2011, Defendants shall execute and send to Plaintiffs a First Deed of Trust on the property located at 420 Franklin Lane, Livermore, CA. The First Deed of Trust on said property will be executed in favor of Plaintiffs. The terms of the Deed of Trust shall be commercially reasonable. Counsel for Defendants shall prepare the deed of trust.

By <u>October 5</u>, 2011, Defendants shall also execute and send to Plaintiffs a First Deed of Trust on the property located at <u>735 John McKinney, Truckee</u>, CA. The First Deed of Trust on said property will be executed in favor of Plaintiffs. The terms of the Deed of Trust shall be commercially reasonable. Counsel for Defendants shall prepare the deed of trust.

The above deeds of trust in favor of Plaintiff Trustees will provide Plaintiffs with the necessary security for future settlement payments, as outlined in the Payment Schedule in Section III A and B.

The First Deeds of Trust shall be executed in favor of the Plaintiff Trustees in the following manner: "Trustees of U.A. Local 159's Health & Welfare, Pension and Apprentice Training Funds, Trustees of the Pipe Trades District Council No. 36's Health & Welfare, Pension, and Apprentice Training Funds, and Trustees of the Northern California Pipe Trades' Health & Welfare, Pension and Apprentice Training Funds."

Once the entire Settlement Payment ($175,000.00) has been received by Plaintiffs, Plaintiffs will release all interest in the real estate listed above.

D.   **Defendants' Representations Regarding the Types and Amounts of Encumbrances on Properties.** Defendants represent and warrant that the 420 Franklin Lane parcel in Livermore, California and the 735 John McKinney parcel in Truckee, California are held free and clear of any encumbrance of any kind, including but not limited to mortgage liens, other deeds of trust, governmental liens and mechanics' liens, and that the deeds of trust given to the Plaintiff Trustees will be the most senior encumbrances on those parcels.

IV.   <u>**EXECUTION AND FILING OF STIPULATED JUDGMENT INCORPORATING SETTLEMENT AGREEMENT.**</u>

A.   **Filing Stipulated Judgment.** After the Parties fully execute this Settlement Agreement, the Parties will promptly execute and file a Stipulated Judgment with the Court, incorporating the terms of this Settlement Agreement.

**B.**   **Court's Retention of Jurisdiction.**  The Parties agree and stipulate to the Court retaining jurisdiction over this case to enforce the terms of this Settlement Agreement in the event that it is breached.

**C.**   **No Recording of Abstracts of Judgment Unless Agreement Breached.** Plaintiffs will not record any Abstract of Judgment unless and until Defendants fail to make a payment as required above in Section III.

If Defendants fail to make a payment as outlined in this Agreement, Plaintiffs are free to obtain and record Abstracts of Judgment.

## V.   MUTUAL RELEASES

**A.**   **Plaintiffs' Release.**  In consideration for entering into this Agreement and obtaining the Settlement Payment outlined above from Defendants, Plaintiffs, for themselves and their heirs, agents, attorneys and representatives agree to release Defendants and their heirs, agents, attorneys, officers and representatives from any and all claims and liability arising from the collective bargaining agreements, Trust Agreements and any other agreements, other than this Settlement Agreement, obligating Defendants to make fringe-benefit contributions to the Plaintiff Trustees.

In consideration for entering this Agreement, Plaintiffs agree that Defendants are not bound by the collective bargaining agreements signed by Defendants in July and August of 2008 with the Third-Party Defendants.

**B.**   **Defendants'/Third-Party Plaintiffs' Release.**  In consideration for entering this Agreement and obtaining the above release and other consideration, Defendants and Third-Party Plaintiff and their heirs, agents, attorneys, and representatives agree to release Plaintiffs and Third-Party Defendants and their heirs, agents, attorneys, officers and representatives from any and all claims and liability based on events occurring up to the point of signing this Agreement.

**C.**   **Third-Party Defendant Unions' Release.**   In consideration for entering this Agreement and obtaining the benefits outlined herein, Third-Party Defendant Unions, for themselves and their heirs, agents, attorneys and representatives agree to release Defendants and Third-Party Plaintiff from any and all claims and any and all liability arising from the collective bargaining agreements, the Trust Agreements, and/or any and all other agreements between and among Defendants/Third-Party Plaintiff and Third-Party Defendants.

In consideration for entering this Agreement, Third-Party Defendant Unions agree that Defendants are not bound by the collective bargaining agreements signed by Defendants in July and August of 2008.

**D.**   **California Civil Code § 1542 Waiver**.  The Parties acknowledge and agree that the mutual general releases contained in Section VI A, B and C, above, apply to all claims for damages, losses, restitution, or injunction, whether known or unknown, which Plaintiffs may have against Defendants, which Defendants may have against Plaintiffs or Third-Party Defendants or which Third-Party Defendants may have against Defendants.  The Parties hereby waive application of Cal. Civil Code § 1542, which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

## VI.   CONFIDENTIALITY AND PRIVILEGE WAIVERS

**A.**   **Mediation Confidentiality/Privilege**.  In accord with the Confidentiality Agreement the Parties signed at mediation, the Parties agree to waive any mediation confidentiality or privilege, including Federal Rule of Evidence 408, to the extent necessary for enforcing the terms of this Settlement Agreement.

**B.**   **Admissibility of Settlement Terms and Settlement Agreement**.  The "Settlement Terms" document executed by the Parties at the mediation on June 29, 2011 and this Settlement Agreement shall be admissible in a court of law or other proceeding.

## VII.   MISCELLANEOUS PROVISIONS

**A.**   **Warranty of Authority**.  Each Party who executes this Agreement warrants that he or she has the authority to bind the person or entity on whose behalf he or she signs and that he or she is authorized to sign on behalf of the principal.

**B.**   **Right to Consult Attorney**.  Each Party acknowledges that each of them has read this Agreement and has had the opportunity to consult with attorneys as to the meaning and legal effect of the Agreement.

**C.**   **Voluntary Execution of Agreement**.  The Parties acknowledge, agree and understand that each of them executes this Agreement voluntarily and without any duress or undue influence on the part of, or on behalf of, any person or entity; and that no promise, inducement or agreement not expressed herein has been made to the others.

**D.**   **Acts in Furtherance of this Agreement**.  The Parties agree to execute, deliver and, where appropriate, file any and all documents required to carry out this Agreement.

E. **Mutual Drafting.** This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel. The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys. The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties. The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

F. **Applicable Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of California and, where applicable, federal labor law.

G. **Execution in Counterparts; Facsimile Signatures.** This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement. A faxed signature shall have the same force and effect as an original signature.

PLAINTIFF TRUSTEES

Dated: October _____, 2011                    U.A. Local 159's Trust Funds,

                                               _____
                                               Trustee Aram Hodess on
                                               Behalf of all Trustees of U.A.
                                               Local 159's Trust Funds

Dated: October _____, 2011                    Pipe Trades Dist. Council No. 36 Trust Funds

                                               _____
                                               Trustee William Taylor on
                                               Behalf of all Trustees of Pipe Trades
                                               District Council No. 36's Trust Funds

Dated: October _____, 2011                    Northern California Pipe Trades Trust Funds

                                               _____
                                               Trustee James Williams on
                                               Behalf of all Trustees of the Northern
                                               California Pipe Trades Trust Funds

Dated: October _____, 2011                    DAVIS, COWELL & BOWE, LLP.

                                               _____
                                               John J. Davis, Jr.
                                               Attorney for Plaintiff Trustees

E.   **Mutual Drafting.** This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel. The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys. The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties. The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

F.   **Applicable Law.** This Agreement shall be construed and enforced in accordance with the laws of the State of California and, where applicable, federal labor law.

G.   **Execution in Counterparts; Facsimile Signatures.** This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement. A faxed signature shall have the same force and effect as an original signature.

PLAINTIFF TRUSTEES

Dated: October _____, 2011                    U.A. Local 159's Trust Funds,

                                                _____
                                                Trustee Aram Hodess on
                                                Behalf of all Trustees of U.A.
                                                Local 159's Trust Funds

Dated: October __10__, 2011                     Pipe Trades Dist. Council No. 36 Trust Funds

                                                _____
                                                Trustee William Taylor on
                                                Behalf of all Trustees of Pipe Trades
                                                District Council No. 36's Trust Funds

Dated: October _____, 2011                    Northern California Pipe Trades Trust Funds

                                                _____
                                                Trustee James Williams on
                                                Behalf of all Trustees of the Northern
                                                California Pipe Trades Trust Funds

Dated: October _____, 2011                    DAVIS, COWELL & BOWE, LLP.

                                                _____
                                                John J. Davis, Jr.
                                                Attorney for Plaintiff Trustees

E.   **Mutual Drafting.** This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel.  The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys.  The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

F.   **Applicable Law.**  This Agreement shall be construed and enforced in accordance with the laws of the State of California and, where applicable, federal labor law.

G.   **Execution in Counterparts; Facsimile Signatures.**  This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement.  A faxed signature shall have the same force and effect as an original signature.

## PLAINTIFF TRUSTEES

Dated:  October _____, 2011                    U.A. Local 159's Trust Funds,

_____
Trustee Aram Hodess on
Behalf of all Trustees of U.A.
Local 159's Trust Funds

Dated: October _____, 2011                    Pipe Trades Dist. Council No. 36 Trust Funds

_____
Trustee William Taylor on
Behalf of all Trustees of Pipe Trades
District Council No. 36's Trust Funds

Dated: October _5_, 2011                    Northern California Pipe Trades Trust Funds

_____
Trustee James Williams on
Behalf of all Trustees of the Northern
California Pipe Trades Trust Funds

Dated: October _____, 2011                    DAVIS, COWELL & BOWE, LLP.

_____
John J. Davis, Jr.
Attorney for Plaintiff Trustees

DEFENDANTS/THIRD-PARTY PLAINTIFFS

Dated: October _____, 2011          Ruiz Brothers Preferred Plumbing, Inc.

_____
James Ruiz on Behalf of
Ruiz Brothers Preferred Plumbing, Inc.

Dated: October _____, 2011          James Ruiz

_____
James Ruiz

Dated: October _____, 2011          Emilio Ruiz

_____
Emilio Ruiz

Dated: October _____, 2011          Federico Ruiz

_____
Federico Ruiz

Dated: October  11 , 2011          NIXON PEABODY, LLP.

_____
Daniel Muller
Attorney for Defendants/3d Party Plaintiff

THIRD-PARTY DEFENDANTS: UNIONS

Dated: October _____, 2011          U.A. Local 159

_____
Aram Hodess

Dated: October _____, 2011          U.A. Local 342

_____
James Williams

<u>DEFENDANTS/THIRD-PARTY PLAINTIFFS</u>

Dated: October _____, 2011        Ruiz Brothers Preferred Plumbing, Inc.

_____
James Ruiz on Behalf of
Ruiz Brothers Preferred Plumbing, Inc.

Dated: October _____, 2011        James Ruiz

_____
James Ruiz

Dated: October _____, 2011        Emilio Ruiz

_____
Emilio Ruiz

Dated: October _____, 2011        Federico Ruiz

_____
Federico Ruiz

Dated: October _____, 2011        NIXON PEABODY, LLP.

_____
Daniel Muller
Attorney for Defendants/3d Party Plaintiff

<u>THIRD-PARTY DEFENDANTS</u>: UNIONS

Dated: October _____, 2011        U.A. Local 159

_____
Aram Hodess

Dated: October _____, 2011        U.A. Local 342

_____
James Williams

DEFENDANTS/THIRD-PARTY PLAINTIFFS

Dated: October _____, 2011               Ruiz Brothers Preferred Plumbing, Inc.


                                         _____
                                         James Ruiz on Behalf of
                                         Ruiz Brothers Preferred Plumbing, Inc.

Dated: October _____, 2011               James Ruiz


                                         _____
                                         James Ruiz

Dated: October _____, 2011               Emilio Ruiz


                                         _____
                                         Emilio Ruiz

Dated: October _____, 2011               Federico Ruiz


                                         _____
                                         Federico Ruiz

Dated: October _____, 2011              NIXON PEABODY, LLP.


                                         _____
                                         Daniel Muller
                                         Attorney for Defendants/3d Party Plaintiff

THIRD-PARTY DEFENDANTS: UNIONS

Dated: October _____, 2011              U.A. Local 159


                                         _____
                                         Aram Hodess
Dated: October __6__, 2011               U.A. Local 342

                                         _____
                                         James Williams

Dated: October ___10___, 2011            Pipe Trades Dist. Council No. 36/U.A. Local 442

                                         _____
                                                William Taylor

Dated: October _____, 2011              DAVIS, COWELL & BOWE, LLP.

                                         _____
                                                John J. Davis, Jr.
                                         Attorney for Third Party Defendants